# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### (Filed:  October 15, 2015)

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| STEVE LEHRMAN, | |
| | No. 13-901V |
| Petitioner, | |
| | |
| v. | Chief Special Master Dorsey |
| | |
| SECRETARY OF HEALTH | Interim Costs; influenza |
| AND HUMAN SERVICES, | vaccine; flu vaccine; |
| AND HUMAN SERVICES, | Guillain-Barre syndrome; |
| | GBS |
| Respondent. | |
| | |
| * * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION GRANTING PETITIONER'S MOTION FOR INTERIM COSTS[1]

On November 13, 2013, Steve Lehrman ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleges that he suffered from Guillain-Barre syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on October 25, 2011.  See Petition at 1.  On February 24, 2014,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Case 1:13-vv-00901-UNJ   Document 47   Filed 11/05/15   Page 2 of 2

respondent filed a Rule 4(c) Report recommending against compensation.  The parties have each filed an expert report and continue to litigate this case.

Petitioner filed a Motion for Interim Costs ["Pet. Mot."] on September 18, 2015. Petitioner requests $2,000.00 for reimbursement of petitioner's payment for a retainer for an expert witness.  Petitioner claimed that an ongoing fee dispute concerning the appropriate hourly rate for the attorneys at the law firm of Conway, Homer, & Chin-Caplan in approximately 40 cases lead to the petitioner paying the expert's retainer, rather than petitioner's counsel.  Pet. Mot. at 2-4.

In her response, filed on September 24, 2015, respondent deferred to the undersigned's discretion regarding whether an award of interim costs is appropriate.  Respondent's Response at 2.

The Vaccine Act permits an award of interim costs.  See Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008); Shaw v. Sec'y of HHS, 609 F. 3d 1372, 1374-75 (2010); see also 42 U.S.C. §300 aa-15(e)(1)(B).  Based on the reasonableness of petitioner's request, and the specific facts and circumstances of this case, the undersigned **GRANTS** the request for approval and payment of reimbursement of costs, specifically to reimburse Mr. Lehrman for payment of an expert witness retainer.

Accordingly, an award should be made as follows:

**in the form of a check payable to Steve Lehrman, in the amount of $2,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

_s/Nora Beth Dorsey_
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2