# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-0901V
Filed: August 20, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| STEVE LEHRMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Sylvia Chin-Caplan.*, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.
*Darryl Wishard, Esq.*, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On November 13, 2013, Steve Lehrman ("Mr. Lehrman" or "petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") after receiving an influenza ("flu") vaccination on October 25, 2011. *See* Petition, ECF No. 1. An entitlement hearing was held on June 20, 2017. Following post-hearing briefing, the undersigned issued her Decision on entitlement on March 19, 2018, ruling that petitioner was entitled to compensation. ECF Nos. 84-86. On November 19, 2018, respondent filed a proffer, which the undersigned adopted as her Decision awarding damages on the same day. ECF No. 101.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On May 2, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 106 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $122,843.08 (representing $106,256.10 in attorneys' fees and $16,567.22 in costs). Fees App. at 1-2. Pursuant to General Order No. 9, petitioner warrants that he incurred $19.76 in costs in pursuit of this litigation. ECF No. 107. Respondent responded to the motion on May 3, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 108. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation, she is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees

to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Chin-Caplan, $400.00 per hour for work performed in 2016, $414.00 per hour for work performed in 2017, $429.00 per hour for work performed in 2018, and $445.00 per hour for work performed in 2019; and for Timothy J. Mason , $225.00 per hour for work performed in 2017, and $238.00 per hour for work performed in 2018. The rates requested herein for Ms. Chin-Caplan, with the exception of her 2019 hourly rates, have previously been found to be reasonable. *See Anderson v. Sec'y of Health & Human Servs.*, No. 02-1314V, 2018 WL 6787880, at *2 (Fed. Cl. Spec. Mstr. Nov. 16, 2018). For Ms. Chin-Caplan's 2019 hourly rates, the undersigned finds that her requested rate is also reasonable. For Mr. Mason, the undersigned finds his requested hourly rates to be consistent with what other special masters have previously awarded him. *See Anderson v. Sec'y of Health & Human Servs.*, No. 02-1314V, 2018 WL 6787880 (Fed. Cl. Spec. Mstr. Nov. 16, 2018). Accordingly, no adjustment to the requested rates is necessary.

**B.   Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter (328.33) appear to be reasonable. The billing entries are reasonable and accurately describe the work being performed and how long it took to perform each task. Respondent has also not identified any entries as objectionable either. Accordingly, petitioner is entitled to a final award of attorneys' fees, as requested, in the amount of **$106,256.10**.

C.   **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $16,567.22 in costs. Fees App. Ex. 2 at 2. Several reductions are necessary. First, $13.00 is deducted for the purchase of alcoholic beverages on June 19, 2017. In addition, the total cost of meals expended on June 19, 2017 exceeds the daily per diem allotment, and thus, $18.27 is deducted, for a total **$31.27** meal deduction on that particular day. The receipt submitted for a meal on June 20, 2017 must also be deducted - the total amount, which appears to be hand-written by counsel, is the only part of this receipt that is remotely legible. Fees App. at 70. Such a deficient copy of a receipt does not provide the adequate documentation necessary to substantiate the cost. Accordingly, the undersigned will reduce the amount awarded for this cost to the 2016 per diem of $69.00, resulting in a reduction of $**49.44**. Finally, the submitted records indicate that petitioner's expert utilized limousine service to travel between his house and the airport. Fees App. at 75-76. The undersigned finds this cost excessive and attorneys' costs have consistently been reduced for use of limousine/black car service. *See Schoeberlein v. Sec'y of Health & Human Servs.*, No. 14-697V, 2018 WL 3991219, at *4 (Fed. Cl. Spec. Mstr. Jun. 22, 2018); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323, at *23 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). This results in a further reduction of **$270.13**.

Accordingly, the undersigned shall reduce the final award for costs by **$350.84**. Petitioner is thus entitled to a final award of attorneys' costs of **$16,216.38.**

D.   **Petitioner's Costs**

Pursuant to General Order No. 9, petitioner asserts that he has personally incurred costs totaling $19.76, comprised of copying documents and the postage to mail them to his counsel. Petitioner has provided adequate documentation supporting these costs and they appear reasonable. They shall therefore be reimbursed in full.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that petitioner is entitled to an award of attorneys' fees and costs as follows:

1) **$122,472.48, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Ms. Sylvia Chin-Caplan, Esq.; and**

2) **$19.76, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Steve Lehrman.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).